# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FAUSTINO ESQUIVEL-VIDAL,<br><br>Defendant. | Case No. 2:14-cr-00172-APG-NJK<br><br>**ORDER DENYING MOTION TO VACATE SENTENCE**<br><br>(ECF No. 41) |

Defendant Faustino Esquivel-Vidal moves to correct his sentence under 28 U.S.C. § 2255. In a three-sentence motion, Esquivel-Vidal contends that the Supreme Court case *Johnson v. United States* renders his sentence enhancement under U.S.S.G. § 2L1.2(b)(1)(A) unconstitutional. Because *Johnson* does not apply to Esquivel-Vidal's sentence, I deny his motion.

In *Johnson*, the United States Supreme Court struck down as unconstitutional a clause in the Armed Career Criminal Act.[1] This clause, known as the residual clause, enhanced a sentence if a defendant had a prior conviction for a felony that "involves conduct that presents a serious potential risk of physical injury to another."[2] The Supreme Court held that this open-ended definition "produces more unpredictability and arbitrariness than the Due Process Clause tolerates," and held it void.[3]

Some defendants have argued that *Johnson*'s holding should apply to other statutes, including the Sentencing Guidelines. But the Supreme Court rejected that argument recently in *Beckles v. United States*, 137 S. Ct. 886 (2017), holding that *Johnson* does not apply to the

---

[1] **Error! Main Document Only.***Johnson v. United States,* 135 S. Ct. 2551 (2015).

[2] *Id.* at 2555 (quotation omitted).

[3] *Id*. at 2558.

Sentencing Guidelines because these guidelines are discretionary. *Johnson* is therefore of no use to Esquivel-Vidal in challenging his sentence.

*Johnson* is unhelpful to Esquivel-Vidal for another reason: the specific guideline used to enhance his sentence does not even have a residual clause.[4] And if there was any question about whether Esquivel-Vidal was properly sentenced, the Ninth Circuit held in *Camacho-Cruz v. Holder*, that the same prior conviction he has qualifies as a crime of violence under a nearly-identical enhancement guideline.[5] Esquivel-Vidal thus has not shown that his sentence is infirm in any way.

To appeal this order, Esquivel-Vidal must receive a certificate of appealability from a circuit or district judge.[6] To obtain this certificate, Esquivel-Vidal "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[7] Given the controlling Ninth Circuit authority on the issue, I deny Esquivel-Vidal request for a certificate of appealability.

IT IS THEREFORE ORDERED that defendant Esquivel-Vidal's motion under 28 U.S.C. § 2255 **(ECF No. 41) is DENIED**.

IT IS FURTHER ORDERED that defendant Esquivel-Vidal's request for a certificate of appealability is DENIED.

DATED this 15th day of May, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[4] *See* U.S.S.G. § 2L1.2(b)(1)(A).

[5] *Camacho-Cruz v. Holder*, 621 F.3d 941 (9th Cir. 2010).

[6] 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1(a).

[7] *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation omitted).